UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE JOHNSON,       ) | | Case No.: 12-CV-01851-LHK |
| ) | | |
| Plaintiff,      ) | | |
| v.                                                ) | | ORDER GRANTING MOTION TO |
| ) | | DISMISS |
| LIBERTY MUTUAL INSURANCE,    ) | | |
| ) | | |
| Defendant.      ) | | |
| ) | | |
| _____) | | |

Plaintiff Kenneth W. Johnson ("Plaintiff"), proceeding *pro se*, brings this action against Liberty Mutual Insurance Company ("LMI") alleging fraud, misrepresentation, and negligence. *See* Second Amended Complaint ("SAC"), ECF No. 12, at 3.  Having considered the submissions of the parties and the relevant law, the Court hereby GRANTS LMI's Motion to Dismiss Plaintiff's SAC without leave to amend.

**I.    BACKGROUND**

    **A.    Factual Allegations**

This diversity action arises from LMI's alleged false statements that were contained in certain financial and medical documents provided to the Santa Clara County Superior Court in connection with a juvenile delinquency proceeding.  *See* SAC at 5.

1

On February 18, 2010, Plaintiff's minor son was arrested at a local mall and charged with assaulting a security guard, Shawn Johnson ("Johnson"), with a deadly weapon. SAC at 4. Due to the attack, Johnson sustained injuries to his head and back, as well as damage to his iPhone. *Id*. LMI—the insurance company for Johnson's employer—was responsible for providing Johnson with worker's compensation, and therefore indemnifying Johnson for his losses. *See id*.; Motion to Dismiss Pl.'s SAC ("Mot."), ECF No. 20, at 2 n.3.

On June 7, 2010, a Santa Clara County probation officer contacted Johnson to find out whether he sought restitution for harm sustained as a result of the assault. SAC at 4. Johnson expressed an interest in seeking restitution in the amount of $3,061.72 for personal replacement of his iPhone and iPhone case, as well as reimbursement for a medical bill and for two days of lost wages. SAC at 4. That same day, Plaintiff learned that LMI intended to seek reimbursement for Johnson's claims. *Id*.

During the months thereafter, the probation officer contacted LMI to determine how much LMI paid for Johnson's medical expenses and other indemnity costs. *See* SAC at 4. LMI subsequently faxed the probation officer documentation of medical payments, a list of physician's names, and a schedule of indemnity payments, all of which LMI allegedly paid to Johnson. *Id*. The purpose of providing this information was to enable the investigating probation officer to "report accurate medical treatment and indemnity payments to the plaintiff and the court." SAC at 5.

Plaintiff alleges that LMI knowingly made false and misleading statements to the probation officer regarding the amount of money LMI paid Johnson to cover his medical treatment and lost wages. *See* SAC at 5. He contends that LMI's documentation was misleading because "there is no verifiable description of treatments provided by those listed physicians to support the $9,785.80 claims for medical payments. And the indemnity payments only shows [*sic*] schedule payments in the amount paid to [Johnson]." *Id*. at 4. As a result of LMI's representations to the probation officer and the Superior Court, Plaintiff allegedly suffered emotional distress, inconvenience, and

Case No.: 12-CV-01851-LHK
ORDER GRANTING MOTION TO DISMISS

1  lost wages. SAC a 5. Plaintiff now seeks $1,500,000.00 in recovery losses, as well as
2  $3,500,000.00 in punitive damages. *Id*.

### B. Procedural History

Plaintiff filed this action against LMI in the Superior Court of California for the County of Santa Clara on December 2, 2011. ECF No. 1. LMI removed the case to this Court on April 13, 2012, based on diversity jurisdiction. *Id*.

Plaintiff filed a First Amended Complaint ("FAC") on July 10, 2012, *see* ECF No. 11, and a Second Amended Complaint on July 11, 2012, *see* ECF No. 12.[1] On August 20, 2012, LMI moved to dismiss Plaintiff's SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. at 1. Plaintiff did not file an opposition during the time provided under Rule 7-3 of the Northern District of California's Civil Local Rules. *See* N.D. Cal. Local R. 7-3 (stating that an "opposition must be filed and served not more than 14 days after th[e] motion was filed."). Consequently, on September 14, 2012, LMI filed a notice of non-opposition and a reply in support of its Motion to Dismiss. *See* ECF No. 24.

On October 1, 2012, Plaintiff filed an untimely opposition, *see* ECF No. 27, as well as a "Factual Statement" that introduces a large amount of new facts that were not included in the SAC, *see* Pl.'s Factual Statement Against Dismissal of SAC ("Factual Statement"), ECF No. 28. LMI filed a reply on October 10, 2012. Df.'s Reply Supp. Mot. to Dismiss ("Reply"), ECF No. 30, at 1. where it requested this Court to strike Plaintiff's late-filed opposition or, in the alternative, to grant LMI leave to file the reply to Plaintiff's arguments. *See* Df.'s Reply Supp. Mot. to Dismiss ("Reply"), ECF No. 30, at 1.

The untimeliness of Plaintiff's Opposition justifies striking his motion in its entirety. However, the Court recognizes that "Plaintiff is representing himself *pro se*, which 'entitles him to a certain degree of leniency so as to ensure that his case is justly resolved on its merits rather than on the basis of procedural technicalities to the extent possible.'" *Peinado v. City and County of San Francisco*, No. 11-1799, 2013 WL 163473, at *5 (N.D. Cal. Jan. 15, 2013) (quoting *Poulakis*

---

[1] Plaintiff's First Amended Complaint failed to satisfy several requirements of the Court. To cure those defects, Plaintiff filed a Second Amended Complaint on the following day.

*v. Amtrak,* 139 F.R.D. 107, 109 (N.D. Ill.1991)). Moreover, because LMI requested "that this Court strike Plaintiff's late-filed Opposition in its entirety *or*, *in the alternative*, that the Court grant Liberty Mutual leave to file this reply to Plaintiff's arguments," Reply at 1 (emphasis added), the Court finds no prejudice to LMI so long as it grants LMI's request for the Court to consider its Reply. Therefore, in the interest of resolving this case on the merits rather than on a procedural technicality, the Court DENIES LMI's request to strike Plaintiff's late-filed Opposition, but GRANTS LMI's request for leave to file its Reply to Plaintiff's arguments. *See* Reply at 1.

For the purpose of resolving this Motion to Dismiss, the Court does not consider any of Plaintiff's new factual allegations contained in either Plaintiff's Opposition or his Factual Statement. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (internal quotation marks and citation omitted) (emphasis in original).

However, the Court will consider Plaintiff's new factual allegations for the limited purpose of determining whether Plaintiff would be able to cure the deficiencies in his SAC through amendment. *See Broam*, 320 F.3d at 1026 n.2 ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." ); *see also Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001) ("Where counsel is able to posit possible amendments that would be consistent with the operative complaint and could also possibly state a claim for relief, the complaint should not be dismissed on its face with prejudice.").

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678 (stating that "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (internal citation omitted). Furthermore, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

### B. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should "be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to

1  'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure
2  deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . [and]
3  futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir.
4  2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

### III. DISCUSSION

Plaintiff's SAC alleges that LMI committed fraud, misrepresentation, and negligence when it provided the probation officer with "misleading . . . facts" upon which the Superior Court relied when considering whether to grant restitution. SAC at 3. LMI contends that Plaintiff's SAC fails to state a claim for which relief can be granted. Mot. at 1. Specifically, LMI argues that the financial and medical documents it provided to the probation officer fall under California's "litigation privilege," thereby protecting LMI from any tort liability in this case. Mot. at 4. In addition, LMI identifies several deficiencies in Plaintiff's claims, such as Plaintiff's failure to allege inducement, reliance, or damage for the fraud claim, as well as failure to allege breach of duty for the negligence claim. Mot. at 5, 7-8; Reply at 3-5. Consequently, LMI requests that the Court dismiss Plaintiff's SAC with prejudice.

The Court finds that LMI's alleged false communications are protected by California's litigation privilege. As LMI is immunized from each of Plaintiff's claims, Plaintiff has failed to state a claim for which relief may be granted. Moreover, the Court concludes that Plaintiff cannot cure this defect by pleading additional facts. Accordingly, for the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss with prejudice.

### A. Litigation Privilege

California's litigation privilege is codified in California Civil Code Section 47. Section 47 creates a privilege for a "publication or broadcast" made in "any . . . judicial proceeding." Cal. Civ.Code § 47(b).[2] In order to fall under the privilege, a communication must be: "(1) made in [a]

---

[2] There are certain exceptions to the litigation privilege, such as when a "communication [is] made in furtherance of an act of intentional destruction or alteration of physical evidence undertaken for the purpose of depriving a party to litigation of the use of that evidence," or when a communication is "knowingly concealing the existence of an insurance policy." *See* Cal. Civ.

1   judicial or quasi-judicial proceeding[]; (2) by litigants or other participants authorized by law; (3)
2   to achieve the objects of the litigation; and (4) . . . have some connection or logical relation to the
3   action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). If there is no dispute as to the operative
4   facts, the applicability of the litigation privilege is a question of law." *Kashian v. Harriman*, 98
5   Cal. App. 4th 892, 913 (2002). "Any doubt about whether the privilege applies is resolved in favor
6   of applying it." *Id*.

7       "The principal purpose of [the litigation privilege] is to afford litigants and witnesses the
8   utmost freedom of access to the courts without fear of being harassed *subsequently* by derivative
9   tort actions." *Id*. at 213 (internal quotation marks and citation omitted) (emphasis added); *see*
10  *generally Briscoe v. LaHue*, 460 U.S. 325, 333 (1983) (echoing the policy considerations
11  underlying a common law litigation privilege by stating that, "the claims of the individual must
12  yield to the dictates of public policy, which requires that the paths which lead to the ascertainment
13  of truth should be left as free and unobstructed as possible") (internal quotation marks and citation
14  omitted). "Since the 'external threat of liability is destructive of th[e] fundamental right [of access
15  to the courts] and inconsistent with the effective administration of justice,' courts have applied the
16  privilege to eliminate the threat of liability for communications made during all kinds of truth-
17  seeking proceedings: judicial, quasi-judicial, legislative and other official proceedings." *Silberg*,
18  50 Cal. 3d at 213.

19      Furthermore, for communications made in relation to judicial and quasi-judiical
20  proceedings, the litigation privilege grants "absolute immunity" from "all torts other than malicious
21  prosecution, *including fraud*, *negligence* and *negligent misrepresentation*." *Harris v. King*, 60 Cal.
22  App. 4th 1185, 1188 (1998) (emphasis added); *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 599
23  (9th Cir. 2010). Moreover, the privilege applies "regardless [of] whether the communication was
24  made with malice or the intent to harm . . . it does not depend on the publisher's motives, morals,
25  ethics or intent." *Kashian v*, 98 Cal. App. 4th at 913 (internal quotation marks and citations
26  omitted).

---

Code §§ 47(b)(2) & (b)(3). However, none of the exceptions to the litigation privilege appear to apply to this case.

1    Here, the facts alleged in Plaintiff's SAC establish each and every element of the litigation
2    privilege.  First, Defendant's statements were made during an active judicial proceeding where
3    Plaintiff's juvenile son was charged with assault with a deadly weapon.  *See Silberg*, 50 Cal. 3d at
4    212; SAC at 4.  Second, LMI was authorized by law to provide the financial documents and
5    medical bills to the probation officer in support of Johnson's restitution claim.  *See Silberg*, 50 Cal.
6    3d at 212; SAC at 3.  Third, the statements were provided for the court to resolve a substantial
7    issue of the case, i.e., the amount of restitution that Johnson was entitled to as victim of the crime.
8    *See Silberg*, 50 Cal. 3d at 212; *see also* SAC at 5.  Finally, LMI's communication was clearly
9    connected to the underlying action.  *Id*.

10   Plaintiff admits that LMI provided the financial and medical documents while participating
11   in an active judicial proceeding, and that LMI was authorized to do so.  *See* SAC at 4-5 (stating
12   that LMI's documentation "was relied upon so the investigating officers could report accurate
13   medical treatment and indemnity payments to the plaintiff and the court."); *see also* Opp'n at 4
14   ("The financial statements and medical documents, at the time, were provided to the plaintiff as a
15   participant of an active restitution judicial proceeding.").

16   However, to rebut the applicability of the litigation privilege, Plaintiff argues that the case
17   was vacated on November 17, 2011.  Opp'n at 4.  Plaintiff seems to suggest that the litigation
18   privilege ceases to exist once the relevant judicial proceeding is resolved.  This is not so.

19   The litigation privilege protects litigants and witnesses beyond resolution of the relevant
20   proceeding.  *See, e.g.*, *Silberg*, 50 Cal. 3d at 214 (holding that the litigation privilege applied, even
21   after the finality of a marriage dissolution decree, to an attorney who made statements during a
22   marriage dissolution proceeding); *Moore v. Conliffe*, 7 Cal. 4th 634, 638-640 (1994) (litigation
23   privilege protects witness after arbitrators have rendered their final judgments in an arbitration
24   proceeding); *Cang Wang v. Heck*, 203 Cal. App. 4th 677 (2012) (litigation privilege applies to
25   evaluating neurologist after the relevant DMV proceeding has concluded); *cf. Action Apartment*
26   *Assn., Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1241 (2007) ("The [litigation] privilege is not
27   limited to statements made during a trial or other proceedings, but may extend to steps taken prior

8

Case No.: 12-CV-01851-LHK
ORDER GRANTING MOTION TO DISMISS

thereto, or afterwards."). As the California Supreme Court noted in *Silberg*, "[t]o allow a litigant to attack the integrity of evidence after the proceedings have concluded . . . would impermissibly burden, if not inundate, our justice system." *Silberg*, 50 Cal. 3d at 214. Therefore, the litigation privilege protects Defendant's statements in the financial and medical documents provided to the probation officer. The fact that Plaintiff alleges in his Opposition that the underlying case was vacated "because there was no official proof that the [P]laintiff . . . owed restitution," Opp'n at 2, does not change the result. *Silberg*, 50 Cal. 3d at 213; *see Rusheen v. Cohen*, 37 Cal.4th 1048, 1057 (2006). LMI is thus immunized from any tort liability arising from these statements.

Accordingly, Plaintiff's complaint alleging fraud, misrepresentation, and negligence—all of which are based upon LMI's communication of allegedly "misleading . . . material facts"—fails, as a matter of law, to state a claim upon which relief can be granted. *See Harris*, 60 Cal. App. 4th at 1188; *Kashian*, 98 Cal. App. 4th at 913. Nothing Plaintiff states in his Opposition or Factual Statement cures this defect. The Court therefore GRANTS LMI's Motion to Dismiss Plaintiff's SAC with prejudice.[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS LMI's Motion to Dismiss Plaintiff's SAC without leave to amend. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 31, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[3] Given the Court's finding as to the litigation privilege, the Court need not reach LMI's other arguments regarding why Plaintiff's SAC fails to state a claim for which relief may be granted.